```
                                            FILED
                                       U.S. DISTRICT COURT
                                       EASTERN DISTRICT OF LA
                                         AUG 29 2000
                                       2000 AUG 29 PM 4:58

                                       LORETTA G. WHYTE
                                           CLERK
```

MINUTE ENTRY
SEAR, JUDGE
August 29, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0078 |
| JUNE BERTUCCI | * | SECTION "G" |

MEMORANDUM AND ORDER

Background

This is a civil action brought by the United States of America on behalf of the Department of Education ("DOEd") to collect a defaulted student loan. Presently before me is the government's motion for summary judgment, which is opposed by defendant.

June B. Bertucci applied for and received a Guaranteed Student Loan to attend Career Com College of Business. On July 18, 1988, she executed and delivered a promissory note payable to First Independent Trust Company in the amount of $2,625.00, promising to repay the loan plus interest at the rate of 10 percent per annum. See Plaintiff Ex.1. The loan was guaranteed by Northstar Guarantee, Inc., and reinsured by the DOEd. See Plaintiff Ex. 2,

DATE OF ENTRY
AUG 3 0 2000

1



Declaration of Sheryl Davis, Loan Analyst, Litigation Branch, DOEd (Certificate of Indebtedness).

DOEd records show that Career Com College of Business certified that the defendant withdrew on December 15, 1988. <u>See</u> Plaintiff Ex. 3 at p. 3. Following her withdrawal from the school, the lender began its collection efforts. These included telephone calls and letters to the defendant. <u>See</u> Plaintiff Ex. 3 at pp. 3-6. During the time it held the loan, the lender received five payments totaling $350.00. <u>See</u> <u>Id.</u> at p. 2. Of this amount, $190.72 was applied to principal and $159.28 was applied to interest. <u>See</u> Id. Defendant was subsequently declared in default of the loan on July 28, 1990. <u>See</u> Plaintiff Ex. 2. As a result of defendant's default, the lender filed a claim on the guarantee commitment with the guaranty agency and transferred the note to the guaranty agency. <u>See</u> <u>Id.</u> On May 31, 1991, the guaranty agency paid the lender a total of $2,661.34 on its default claim. <u>See</u> <u>Id.</u> This amount represents principal of $2,474.87 and interest of $186.47. <u>See</u> Plaintiff Ex. 4.

The loan was then assigned to the guaranty agency, which

capitalized the interest pursuant to federal regulations,[1] resulting in a principal amount of $2,661.34. This assignment was signed on March 19, 1991 by Analiza F. Buenolia, the lender's "default representative." See Plaintiff Ex. 1. The guaranty agency promptly filed a claim, which DOEd paid under the reinsurance contract. DOEd then attempted to collect the debt, but no payments were received. On October 3, 1993, the loan was assigned to DOEd. No payments have been received since the loan was assigned to the DOEd. See Plaintiff Exhibits 2 and 4.

Plaintiff moves for summary judgment based on the foregoing facts. Defendant opposes summary judgment, and submits an affidavit asserting the following disputed facts. According to plaintiff, after attending a "few classes" at Career Com College of Business, she realized the course she was taking was "a sham" and "notified the school that she wanted to withdraw and cancel [her] loan." See Defendant Affidavit at ¶ 1. She further maintains that the school advised her that she would be under no further obligation. See Id.

---

[1] See 34 C.F.R. §682.410(b)(4)(directing guaranty agency to "capitalize any unpaid interest due the lender from the borrower at the time the agency pays a default claim to the lender.") When interest is capitalized, the accrued interest is added to the unpaid principal balance thereby increasing the principal balance.

Plaintiff admits that her signature is on the application for student loan, Plaintiff Ex. 1, but maintains that she did not sign the back, the part that she believes is the promissory note. See Id. at ¶¶s 2-4. She suggests that "someone else's promissory note was copied onto the reverse side of [her] loan." See Id. at ¶ 7. Finally, she does not deny that she made payments on the loan but avers that "any payments I may have made were just to get the school off my back, if I made any such payments." See Id. at ¶ 6.

Analysis

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A

complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. Id.

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of `the pleadings, depositions, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of fact." Id. at 323, 106 S.Ct. at 2552-53 (citing Fed.R.Civ.P. 56 (c)). The movant may, but need not, support the motion with materials that negate the opponent's claim. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to an absence of evidence to support the non-moving party's claim; the non-moving party must then designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

When the moving party has carried its burden under Rule 56 (c), the opponent cannot simply "rest on the allegations in [the] complaint," International Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), and must present more than a

metaphysical doubt about the material facts. Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Further, a claim that additional discovery or a trial might reveal facts of which the non-moving party is currently unaware is insufficient to defeat the motion. Woods v. Federal Home Loan Bank Bd., 826 F.2d 1400, 1414-15 (5th Cir. 1987).

It is well settled that suits to enforce promissory notes may be disposed of by summary judgment. See FDIC v. Cardinal Oil Well Servicing Co., Inc., 837 F.2d 1369, 1371 (5th Cir. 1988).

A prima facie case on a promissory note is established when the "plaintiff alleges that it is the holder and owner of the note and that the note is in default." See United States v. Nelson, 821 F.Supp. 1137, 1138 (W.D.La. 1993); United States v. Ward, 1992 WL 373557, *2 (E.D.La. 1992). The burden then shifts to the defendant to establish the nonexistence, extinguishment or variance in payment of the obligation. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975). In the absence of such proof, summary judgment in favor of the plaintiff is appropriate. Id.

The plaintiff, the United States, has established its prima

facie case. The plaintiff has established that it was assigned all rights, title and interest in the note on October 3, 1993. See Plaintiff Ex. 2. It is therefore the owner of the note. The plaintiff has also established that the defendant defaulted on the loan she received to attend Career Com College of Business. See Plaintiff Ex. 2.

The plaintiff has produced the promissory note signed by the defendant, and the defendant has not specifically denied that the signature on the front of the application/note is hers. Rather, she contends that the document signed by her on July 18, 1988 was merely an application for a loan, and that because she did not sign the back of the document, which she believes is the "promissory note," she is not bound to pay the loan.

Contrary to defendant's assertion, the clear language of the first page of the application/promissory note is to the effect that her signature appearing on the front of the document binds her to "pay to the order of [her] lender the entire Loan Amount Requested." See Plaintiff Ex. 1 (front of document, paragraph directly above signature). It also clearly indicates that the borrower is to read the reverse side before signing the *front* page

of the document. Id. It is clear from the language on the front of the document that no signature was required on the reverse of the form, and defendant's speculation about what appears on the back of the form is unpersuasive and inadequate to defeat summary judgment.[2] Moreover, the defendant has acknowledged the debt many times in the years since she executed the note, by making payments toward the loan and requesting deferment, See Plaintiff Exhibits 3 and 7, and she has admitted the signature appearing on the front is hers. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." See Smith v. United Student Aid Funds, Inc., 8 F.Supp.2d 562 (E.D. La. 1998)(Fallon,J.)(citations omitted); United States v. Nelson, 821 F.Supp. 1137, 1138 (W.D.La. 1993).

The only other argument that can, on liberal reading, be divined from defendant's opposition to the summary judgment motion is that the loan should be discharged because Career Com College of Business allegedly failed to make a refund to the lender of the

---

[2]What is affixed to the back of the Guaranteed Student Loan Application/Promissory Note appears to be the assignment of the note signed by the lender's "Default Rep." on March 19, 1991.

loan proceeds the school received. Only the Secretary of Education, however, not this court, has discretion to discharge a loan. See United States v. Wright, 87 F.Supp.2d 464, 466 (D.Md. 2000). The DOEd regulations provide an adminstrative process for debtors to seek cancellation of their student loans based on certain circumstances. See 34 C.F.R. §682.402. It is undisputed that defendant, though she was advised of this procedure, has not submitted the necessary request and documents to obtain a discharge of the loan. I am not in a position to provide defendant relief from her failure to do so.

Accordingly,

IT IS ORDERED that the plaintiff's motion for summary judgment IS GRANTED.

_____
MOREY L. SEAR
U.S. DISTRICT JUDGE